UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**NEHEMIAH J. HEBERT**                        **CASE NO.  6:22-CV-2088**

**VERSUS**                                    **JUDGE ROBERT R. SUMMERHAYS**

**ALLY FINANCIAL, INC.**                      **MAGISTRATE JUDGE DAVID J. AYO**

### REPORT AND RECOMMENDATION

Before this Court is a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendant Ally Financial, Inc.  (Rec. Doc. 11). *Pro se* Plaintiff Nehemiah J. Hebert opposed the motion, (Rec. Doc. 15), to which Ally replied, (Rec. Doc. 16).  The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, this Court recommends that the instant motion be GRANTED, dismissing Hebert's claim against Ally with prejudice.

### Factual Background

On July 13, 2022, Hebert filed a *pro se* complaint using the Court's fillable "Pro Se 1 Complaint for a Civil Case" form. (Rec. Doc. 1).  He alleges that (1) Ally repossessed his car on April 22, 2022 without notice, (2) Ally reported the repossession on his credit report, (3) Ally failed to produce a "true bill" of an outstanding balance, and (4) "Ally refused to accept an acquisition or abandonment filed with the Treasury to discharge the debt." (*Id*. at ¶III).[1]  The listed jurisdictional bases are 42 U.S.C. § 1983, 12 U.S.C. § 5519(a), and 28 U.S.C. § 4101.  (*Id*. at

---

[1] The quoted portion is cleaned up to omit the misspellings and assumes it correctly captures what Hebert intended to plead.

1

¶II(B)).  Hebert seeks damages in the amount of $3,000 for false reporting on his credit report, $15,000 for defamation of his character to credit bureaus, and an unstated amount for mental anguish caused by Ally.  (*Id*. at ¶IV).

Ally responded with the instant motion.  (Rec. Doc. 11).  The supporting memorandum provides some context for the underlying loan to Hebert not included in the original complaint and argues that Hebert's claims under the three statutes cited above must dismissed.  Hebert filed an opposition with additional factual information and in no way responded to the arguments contained in Ally's motion.  (Rec. Doc. 15).  The opposition also included a reference to a provision in the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692g.  (*Id*. at 3).[2]  The opposition includes references to sovereign citizen principles, none of which were responsive to the instant motion.  (*Id*. at 3-4).

## **Applicable Standards**

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir. 2004). When reviewing a motion to dismiss, a district court may also consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Funk v. Stryker Corp.,* 631 F.3d 777, 783 (5th Cir.2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

---

[2] Ally's motion anticipated a possible reliance by Hebert on the Fair Debt Collection Practices Act—which Hebert did in his opposition—by citing to the longstanding rule that the term "debt collector" does not include a debt purchaser who collects for his own account.  (Memorandum in Support at 6, Rec. Doc. 11-1).

The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, conclusory allegations and unwarranted deductions of fact are not accepted as true, *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974)); *Collins v. Morgan Stanley*, 224 F.3d at 498. Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 U.S. at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)). "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations, quotation marks, and brackets omitted; emphasis added). *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Bell Atlantic v. Twombly*, 127 U.S. at 570.

3

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir.2009) (quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556). *See also In Re Southern Scrap*, 541 F.3d 584, 587 (5th Cir.2008). With these precepts in mind, the Court considers the instant motion.

Although courts construe *pro se* litigants' pleadings liberally, *pro se* parties are not exempt from complying with applicable procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.").

### Analysis

Hebert's complaint and opposition assert claims under four federal statutes. Each is addressed in turn.

1. **42 U.S.C. § 1983**

Section 1983 grants a cause of action to a person deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States against any person acting under color of state law. 42 U.S.C. § 1983. Hebert's complaint merely cites Section 1983 and includes no factual allegations suggesting that any action by Ally acted to deprive him of rights

secured by the Constitution or properly applicable federal law.  Ally responds that, in repossessing Hebert's vehicle, it was a private actor and did not act under color of state law.  (Rec. Doc. 11-1 at 4).  Hebert's opposition does not dispute Ally's argument on this point.

For a plaintiff to maintain a Section 1983 claim, he must show (1) that a defendant deprived him of a right secured by the Constitution and laws of the United States and (2) that this deprivation occurred while that defendant was acting under color of state law.  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978).  A person acts under color of state law if he is a "willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).  "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."  *Am. Mfrs Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted).

This Court finds that Hebert has failed to state a claim under Section 1983.  The complaint is devoid of allegations relative to the elements of the cause of action nor is the additional factual information contained in the opposition probative on this point.  There is no allegation whatsoever that Ally was a participant in joint action with any state agent.  In fact, the complaint is completely silent as to the mechanics of the repossession of the vehicle.  The repossession at issue constituted private conduct that is in no way attributable to the state.  A mere assertion by a plaintiff that his vehicle was wrongfully repossessed does not satisfy his burden of pleading a Section 1983 claim. *Ellis v. Capital One Auto Fin.*, 2021 WL 1741873 at *2 (W.D. La.); *Davis v. Capital One Auto Fin.*, 2014 WL 1246349 at *2 (W.D. La.) ("Capital One is a private entity, not a state actor. Assuming Capital One resorted to the state courts in connection with the repossession, merely pursuing a foreclosure action in a state court does not make a party a state actor for Section 1983 purposes.").  Hebert's Section 1983 claim should be dismissed.

2. **12 U.S.C. § 5519**

Hebert lists 12 U.S.C. § 5519 as a basis for jurisdiction but again includes no factual allegations in his complaint justifying its inclusion. Section 5519 pertains to rulemaking authority over certain entities in the motor vehicle industry and was included in the transfer of rulemaking authority from the Federal Trade Commission to the Consumer Financial Protection Bureau (CFPB) as part of the Dodd-Frank Act. Ally argues that the Consumer Financial Protection Act, 12 U.S.C. § 5511 *et seq*., (CFPA) does not provide for a private right of action. (Rec. Doc. 11-1 at 5). The Court agrees that the CFPA, including Section 5519, does not authorize a private right of action.[3] Courts routinely hold that the CFPA does not provide a private right of action. *Foster v. Jeep Country Fed. Credit Union*, 2023 WL 406051 at *5 (N.D. Ohio) (noting that "the CFPA does not create a private right of action"); *Hammett v. Portfolio Recovery Assocs., LLC*, 2022 WL 3370912 at *34 (E.D. Ark.) ("More telling, though, is the CFPA's silence regarding private remedies. This silence speaks volumes because it means the Court cannot imply a private right of action to enforce the CFPA."). Any claim under the CFPA in general or 12 U.S.C. § 5519 in particular should be dismissed.

3. **28 U.S.C. § 4101**

Hebert's complaint, as enlarged by his opposition, asserts that Ally defamed him to credit bureaus and cites 28 U.S.C. § 4101. (Complaint at ¶¶II, III, Rec. Doc. 1). Section 4101 pertains to defamation in the context of when a domestic court can enforce a foreign court's defamation judgment. This Court recently acknowledged that Section 4101 does not recognize a private right of action for defamation. *Robertson v. F.B.I.*, 2023 WL 2027833 at *3 (W.D. La.) (noting that Section 4101 "does not provide a federal cause of action for defamation and is wholly inapplicable

---

[3] Section 5519 governs the CFPB's rulemaking authority relative to, *inter alia*, the extension of retail credit involving motor vehicles. 12 U.S.C. § 5519(b)(2)(A).

to the allegations in Robertson's complaint."). *See generally Pare v. Morgan*, 2023 WL 2403822 at *4 (D. Conn.) (granting motion to dismiss on basis that plaintiff's complaint did not attempt to enforce a foreign defamation judgment).

   4. **15 U.S.C. § 1692g**

Hebert's opposition references the FDCPA; however, no reference to the FDCPA was included in his original complaint. Because Hebert is proceeding *pro se*, the Court will construe the additional factual allegations and the assertion of an FDCPA claim as a motion to amend his complaint and grant same. *See generally McClinton v. Sam's East, Inc.*, 2012 WL 4483492 (W.D. La.) (considering facts alleged in *pro se* plaintiff's complaint and oppositions to motions to dismiss in ruling on motions to dismiss since *pro se* pleadings are held to less stringent standard).

Ally's motion addresses Hebert's reference to the FDCPA and argues that debt purchasers such as Ally who collect for their own accounts do not meet the definition of "debt collector" such that liability under the FDCPA can attach. (Rec. Doc. 11-1 at 6). This Court agrees. *Henson v. Santander Consumer USA, Inc.*, 582 U.S. 79, 83 (2017) (holding that individuals and entities who regularly purchase debts originated by someone else and then seek to collect those debts for their own account are not "debt collectors" subject to the FDCPA); *Wilson v. Grest*, 2017 WL 4998651 at *2 (E.D. La.) (citing *Henson*). Courts have repeatedly held that Ally is not a "debt collector" for FDCPA purposes. *See, e.g., James v. Ally Bank*, 2023 WL 1093891 at *3 (E.D. Tex.) (recommending dismissal of *pro se* FDCPA claim against Ally and collecting cases holding that Ally is not a "debt collector").

   5. **Opportunity to Amend**

This Court is mindful of Hebert's status as a *pro se* plaintiff and that leniency is to be afforded in passing on Ally's motion. As mentioned above, this Court considered the additional

7

facts and first reference to the FDCPA in Hebert's opposition, construed them as an amendment to his complaint, and addressed them herein.  Jurisprudence in this circuit is clear that a *pro se* plaintiff should be afforded an opportunity to amend his complaint when faced with a motion to dismiss; however, that right is not absolute.  "We have held that district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case."  *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011).  Assuming that Hebert limited the extent of his factual pleading given the limited space in the "Statement of Claim" section in the Pro Se 1 Form, he was not so constrained in his opposition where he added additional factual assertions.  Hebert's suit is clearly premised on sovereign citizen concepts.  (*See* Opposition at 3-4, Rec. Doc. 15).  This Court is not convinced that Hebert can plead actionable conduct on Ally's part much less a viable cause of action in an amended complaint not predicated upon universally rejected sovereign citizen beliefs.  *See generally Wirsche v. Bank of Am., N.A.*, 2013 WL 6564657 at *2 (S.D. Tex.) (noting that sovereign citizen "teachings have never worked in a court of law—not a single time.").  Therefore, this Court further recommends that amendment would be futile and that leave to amend not be granted.

## Conclusion

For the reasons discussed herein, this Court recommends that the Motion to Dismiss filed by Ally Financial, Inc. (Rec. Doc. 11) be GRANTED and that the claims of Plaintiff Nehemiah J. Hebert be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond

to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

**THUS DONE** in Chambers, Lafayette, Louisiana on this 27th day of March, 2023.

_____
**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**